## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYDNEY ROTUNDO<br>193 Pennypacker Road<br>Mohnton, PA 19540<br><br>        Plaintiff,<br><br>v.<br><br>GO FISH BOWL, LLC d/b/a<br>Go Fish Seafood Restaurant<br>209 Harvard Blvd.<br>Reading, PA 19609<br><br>        and<br><br>Heather Clark, *in her individual capacity*<br>209 Harvard Blvd.<br>Reading, PA 19609<br><br>        Defendants. | CIVIL ACTION<br><br>CASE NO.: _____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Sydney Rotundo ("Plaintiff"), hereby complains as follows against Go Fish Bowl, LLC d/b/a Go Fish Seafood Restaurant ("Defendant Go Fish") and Heather Clark, in her individual capacity, ("Defendant Clark") (*hereinafter* collectively referred to as "Defendants"), and avers as follows:

### INTRODUCTION

1. Plaintiff initiates the instant action to redress Defendants' violations of Title VII of the Civil Rights Act of 1964, ("Title VII" – 42 U.S.C. §§ 2000d *et. seq*.), the Pregnancy Discrimination Act ("PDA"), the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq*.)),

Pennsylvania Common Law (Assault and Battery), and the Pennsylvania Human Relations Act ("PHRA").[1]

2.      Plaintiff asserts herein that she was subjected to illegal tip-sharing practices in violation of applicable state and federal laws, and additionally, that she was terminated for engaging in "protected activity" by making complaints about illegal tip-sharing practices.

3.      Plaintiff also asserts that her pregnancy status was a determinative/motivating factor in Defendants' decision to terminate her employment.

4.      Plaintiff finally asserts that under Pennsylvania Common Law, Defendant Clark committed Assault and Battery which was the direct or proximate cause of injuries sustained by Plaintiff.

5.      As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

6.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under a law of the United States.

7.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over

---

[1] Plaintiff will move to amend her instant lawsuit to include claims against all Defendants under the Pennsylvania Human Relations Act once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror the instant Title VII and PDA claims identically, including claims arising under the PHRA against Defendant Clark in her individual capacity.

Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

8.  Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants citizens of the Eastern District of Pennsylvania.

9.  Plaintiff is proceeding herein under the Title VII/PDA and has properly exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is an adult individual, with an address as set forth in the caption.

12. Defendant Go Fish Bowl is a Pennsylvania limited liability corporation with a headquarters located at the above-captioned address that owns and operates a restaurant at 301 South Hull St. Reading, PA 19608.

13. Defendant Clark, is an adult individual residing at the above captioned address and upon information and belief is the managing member of Defendant Go Fish Bowl.

14. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

15. Defendants are "employers" within the meaning of the Title VII/PDA because, at all times relevant herein, Defendants has employed at least fifteen (15) or more employees for at least 20 weeks during each calendar year of Plaintiff's employment with Defendant.

## FACTUAL BACKGROUND

16. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

17. On or about October 13, 2022, Defendants hired Plaintiff as a server to work at the Go Fish Restaurant.

18. Throughout the course of her employment, Plaintiff reported directly to Defendant's Restaurant Manager, Juan Lopez ("Lopez") and Defendant Clark.

19. Both Lopez and Clark were responsible for day-to-day operations, hiring, firing, promotions, personnel matters, work schedules, pay policies, and compensation."

20. Throughout her employment with Defendant, Plaintiff was a dedicated and hardworking employee who performed her job well.

21. In or about November 2022, Plaintiff learned that she was pregnant.

22. On or about November 16, 2022, Plaintiff notified Lopez of her pregnancy and requested that she be allowed to take short breaks if she became nauseous or in case she needed to take intermittent time off to attend doctor's appointments.

23. Lopez was generally accommodating with Plaintiff's pregnancy and Plaintiff had no issues working for Defendants until on or about December 14, 2022 as discussed *infra*.

24. On or about December 6, 2022, Lopez cut Plaintiff's hours for the week as Defendants had booked a private party for Friday evening and did not require all servers. Lopez told Plaintiff that "because she was a new employee, [he] had to cut her."

25. On or about December 12, 2022, Plaintiff contacted Lopez to request a meeting to address her concerns about Defendant's tip policy.

26. On or about December 14, 2022, Plaintiff was approximately ten (10) weeks pregnant and met with Clark and Lopez to complain about Defendant's tip-out policy was illegal under state and Federal law.

27. Specifically, Plaintiff raised concerns that Defendants were requiring her to share a pre-determined percentage of her bar sales with the bartender/Restaurant Manager each shift, regardless of how much Plaintiff actually earned in tips, and asked that the policy be changed to comply with state and Federal law.

28. Instead of responding with compassion or understanding, Clark immediately began to display clear and open hostility towards Plaintiff.

29. Clark even incuriously told Plaintiff that if she "made more tips our policy wouldn't be so unaffordable for you."

30. Plaintiff explained that it was not necessarily the amount of money she had to share, but that tip-pooling with non-tipped employees illegal, and Plaintiff was being taxed on money going to other employees.

31. Clark further stated, "We can't change the way we do things…just because a new employee has an issue with it. You haven't even been here long enough to form an opinion!"

32. Plaintiff responded and said she would not complying with an illegal policy and Clark retorted that "**I have an LLC, so I don't have to follow those rules**."

33. Clark then threatened Plaintiff by implying that Plaintiff did not report cash sales of artwork and stated "I'm sure you don't report a thing, my point exactly. Look if you want to

open this can of worms, that's your decision. As long as you know you are playing with fire. If you don't like the way we do things here, find another place to work."

34. Plaintiff asked why Clark was so defensive and threatening her job just because she was complaining about illegal tip sharing.

35. Clark responded by stating, "Of course I'm defensive. This is my business and you're asking me questions that have me fearing you might sue me or something! Clearly you're unhappy here, so leave now and give us time to find someone else for the holidays."

36. Plaintiff told Clark she did not want to quit and in an effort to cool the situation, informed Clark that she was pregnant to try to explain the interpersonal reasons why Plaintiff was concerned about losing money to illegal tip sharing.

37. Clark then threatened Plaintiff in a rude and condescending manner and stated, "well with your boyfriend out of work I assume you must really need the money right now. **And in that case, I suggest you cooperate with the way we do things here or find another place to work**."

38. Thereafter, on or about December 15, 2022, Plaintiff filed a complaint with the Pennsylvania Department of Labor Wage and Hour Division and an investigation was opened in Defendant's tip-sharing policy.

39. On or about December 17, 2022, Clark began to increase Plaintiff to increased scrutiny at work and micromanaged Plaintiff's every move in a blatant attempt to get her to either resign or find some trivial reason to justify a pretextual termination.

40. On or about December 23, 2022, Plaintiff informed Lopez that she had contacted the PA DOL and that they had confirmed it was illegal and were opening an investigation. Plaintiff

also asked for any tip-sharing to be taken from her paycheck pre-tax. Lopez responded that he would "pass the message along to Clark."

41. On or about December 24, 2022, Defendants required Plaintiff to work (despite a previous request for the day off). Clark handed out gifts to all the other employees, except Plaintiff, then proceeded to have a conversation with Lopez before leaving the restaurant.

42. All the other servers were assigned tables between 2:30-6:00pm, however no one was seated in Plaintiff's section in a deliberate attempt to get her to walk out.

43. On or about December 27, 2022, Plaintiff was experiencing symptoms that required an emergent and precautionary ultrasound the next day on or about December 28, 2022.

44. Plaintiff apprised Lopez of her last-minute ultrasound appointment and informed him that she would be late for her scheduled shift the next day.

45. Lopez said it was not a problem so long as Plaintiff reported for work by 5:00 pm, which she did.

46. On or about December 28, 2022, when Plaintiff arrived to work, Defendant's restaurant was very busy and Plaintiff worked consistently between 5:00pm and 7:50pm.

47. Around 7:50 pm however, Plaintiff was waiting on orders to be finished by the kitchen and started to experience pregnancy related symptoms including dizziness and shortness of breath.

48. As a result, Plaintiff stood in place for a minute or two to catch her breath, check her orders, and take a sip of water to regain her strength and composure before resuming her serving duties.

49. Clark witnessed Plaintiff taking this short break and shouted asking what Plaintiff was doing just standing around. Clark then demanded that Plaintiff do anything other than stand there, such as fill up waters and/or take plates off the tables – anything but just stand there.

50. Plaintiff reminded Clark that she was pregnant and was just taking a brief pause because she was feeling dizzy and short of breath as a result.

51. Clark, in an extremely hostile manner, snapped back stating, "**I don't care about that**, I am not paying you to stand around."

52. In reference to Plaintiff's need to come in slightly late earlier that evening to attend her ultrasound, Clark also stated to Plaintiff, "You come in whenever you want and do whatever you want. You don't even want to be here."

53. Plaintiff collected herself and followed Clark's directive and began shining silverware while continuing to wait for her orders to be finished by the kitchen.

54. Within seconds, Clark stated, "You know what Sydney? Actually, I'm done. Just get out of my restaurant."

55. Plaintiff was in the process of bringing a dish to one of her tables and asked Clark if she could finish closing out her 4 tables given the amount of money she was expecting in tips.

56. Clark retorted that she "didn't care" and "I wouldn't worry about your tips" before violently pushed Plaintiff and tried to yank her by the arm to pull and shove Plaintiff out of the service station.

57. Plaintiff left the restaurant at this point and filed a police report later that evening.

## COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")
(Retaliation Wrongful Termination)
-Against All Defendants-

58. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

59. Plaintiff was terminated from Defendants for complaining about, opposing, and making a report of illegal tip-pooling practices.

60. Defendant Clark is personally liable because she orchestrated the retaliatory termination of Plaintiff because of her protected activities.

61. Defendant Clark intentionally perpetuated and/or knowingly allowed an unlawful tip-pooling scheme to exist while simultaneously lying to employees to quell concerns and claiming that she did not have to follow the law because she had an LLC (despite having the authority to remedy such illegalities).

62. Defendants terminated Plaintiff for engaging in protected activity under the FLSA which constitutes unlawful retaliation under the FLSA. *See supra; see also Lambert v. Ackerley,* 180 F.3d 997, 1003-05 (9th Cir.1999)(*en banc*); *Valerio v. Putnam Assocs. Inc.,* 173 F.3d 35, 44-45 (1st Cir.1999); *EEOC v. Romeo Comty. Sch.,* 976 F.2d 985, 989-90 (6th Cir.1992); *EEOC v. White & Son Enters.,* 881 F.2d 1006, 1011 (11th Cir.1989); *Brock v. Richardson,* 812 F.2d 121, 123-25 (3d Cir.1987); *Love v. RE/MAX of Am., Inc.,* 738 F.2d 383, 387 (10th Cir.1984); *Brennan v. Maxey's Yamaha, Inc.,* 513 F.2d 179, 181 (8th Cir.1975).

63. Plaintiff seeks all remedies available for unlawful termination in violation of the FLSA.

**COUNT II**
**Violations of Title VII/PDA**
**([1]Pregnancy Discrimination and [2] Retaliation)**
**Against Defendant Go Fish Bowl, LLC**

64. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

65. Plaintiff is qualified under the Title VII/PDA for protection because she was pregnant.

66. Plaintiff's pregnancy was a motivating and/or determinative factor in Defendant Go Fish Bowl's decision to terminate her employment.

67. Plaintiff also avers that Defendant Go Fish Bowl terminated her employment because she complained of or opposed pregnancy discrimination.

68. Defendant Go Fish Bowl, LLC's actions of terminating Plaintiff because of her pregnancy and/or complaints of pregnancy discrimination constitutes violations of Title VII/PDA.

**COUNT III**
**(PA Common Law - Assault)**
**- Against Defendant Clark -**

69. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

70. The actions of Defendant Clark, as aforesaid, in intending to put Plaintiff in reasonable and immediate fear of a harmful or offensive contact with her body, in fact caused such injury to Plaintiff.

71. As a direct and proximate result of Defendant Clark's assaults of Plaintiff, as aforesaid, Plaintiff suffered severe physical and emotional distress, embarrassment, humiliation, and loss of self-esteem.

72. Plaintiff is entitled to damages for all financial losses, emotional distress, and punitive damages against Defendant Clark.

## COUNT IV
### (Battery)
### - Against Defendant Clark -

73. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

74. Defendant Clark intended to cause harmful or offensive contact with the body of Plaintiff, and in fact committed harmful or offensive contact with the body of Plaintiff, as aforesaid, at all times without her consent.

75. As a direct and proximate result of Defendant Clark's repeated battery of Plaintiff, as aforesaid, Plaintiff suffered severe physical and emotional distress, embarrassment, humiliation, and loss of self-esteem.

76. Plaintiff is entitled to damages for all financial losses, emotional distress, and punitive damages against Defendant Clark.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and

seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: April 30, 2024

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Sydney Rotundo : CIVIL ACTION
  v. :
: NO.
Go Fish Bowl, LLC d/b/a Go Fish Seafood Restaurant, et al.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 4/30/2024 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 193 Pennypacker Road, Mohnton, PA 19540

Address of Defendant: 209 Harvard Blvd, Reading, PA 19609

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/30/2024   _____(signature)_____   ARK2484 / 91538
            *Attorney-at-Law / Pro Se Plaintiff*             *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

- [X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:
- [ ] Relief other than monetary damages is sought.

DATE: 4/30/2024   _____(signature)_____   ARK2484 / 91538
            *Attorney-at-Law / Pro Se Plaintiff*             *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROTUNDO, SYDNEY

**(b)** County of Residence of First Listed Plaintiff: Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
GO FISH BOWL, LLC D/B/A GO FISH SEAFOOD RESTAURANT, ET AL.

County of Residence of First Listed Defendant: Berks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 360 Other Personal Injury / 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 196 Franchise | 380 Other Personal Property Damage | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | [X] 442 Employment / 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | | 462 Naturalization Application | | |
| | 446 Amer. w/Disabilities - Other / 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | 448 Education / 550 Civil Rights | | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); FLSA (29USC201)

Brief description of cause:
Violations of Title VII, PDA, FLSA, PA Common Law and PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER: 

DATE: 4/30/2024
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE